Good morning, Your Honors, and may it please the Court, I'm Robert G. Ryan for Petitioner Wei Wang. I'd like to reserve two minutes for rebuttal. Mr. Wang is a married 48-year-old native and citizen of China. He has one adult daughter, and he and his wife are Christians. His family remains in China. As Your Honors know, the BIA has assumed credibility in this case on the claims of asylum and withholding of removal and Convention Against Torture Relief. As we see it, the main issues are whether the substantial evidence compels a that Mr. Wang has suffered past persecution and established the requisite fear of future persecution to show eligibility for asylum and withholding of removal on account of political opinion based on the forced abortion and sterilization of his wife due to his loss of reproductive freedom under China's coercive population control program and his resistance to these acts of persecution. And second, whether the BIA's clear failure to address petitioner's other resistance claim under the definition of refugee in 101A42B as to coercive population control programs. Did the Board address nexus? Your Honor, the Board did not address nexus, and the Board reasoned that because he didn't establish past persecution or a well-founded fear of future persecution, that they didn't have to address that issue. They also came to that conclusion regarding his other resistance claim. Well, if they didn't address nexus, can we? I believe, Your Honor, that the Court could consider it because our position is that he did establish past persecution, and we will We still couldn't. So it seems to me that your emphasis has to be on why did he? If you're right, then we rematch. So the emphasis has to be on the past persecution question. So will you address that, please? Yes, Your Honor. Past persecution, we believe, is established in this case What was the past persecution? It was the forced abortion and sterilization of his wife So the position is that after J.S., that could still be evidence of persecution, although it wouldn't necessarily be evidence of nexus. Is that essentially what you're saying? It's certainly, and this Court, in Zhang v. Holder as well, adopting matter of J.S., said that it could be definitely considered proof of persecution. Proof meaning a part of the proof. A part of the proof. But they also went on and relied on, in that case, on some other things, right? That's correct, Your Honor. Are there any other things here? We're looking at other resistance, even though the Board said that they hadn't addressed it. That's other resistance, but the question is what's the persecution? The persecution is that he has suffered a loss of reproductive freedom. And that the requires that resistance be shown. And here, Mr. Wang's other resistance is essentially that he told The problem, I think, with the case that's being presented is that this is all feeding off the notion of asylum. And he has to go to another country to avoid being persecuted. Now we know, in fact, as to him, he personally, aside from, I understand, if something happens to my wife, I'm affected. Sure. There's no question about that. But beyond that, he's not disciplined. He's actually given promotions. He's got another, he actually has enough money in that economy to have two houses, one of which he takes in a, he says, in a false name so the government won't know that he has enough money to buy two of them. So he's living pretty well. He goes in and out of the country. He can do whatever he wants. It's just kind of hard to get one's mind around the fact that he's being persecuted and therefore has to But, Your Honor, Judge Fernandez, that's, that's all true. But he has suffered permanent and, this was a, the loss of reproductive freedom is a permanent and continuing act of persecution. And he has an inherent, well-founded fear of future persecution. And this is To wit, to wit And this is under the Meaning that when he goes back, he goes back and he's, and he's with his wife again, he won't be able to reproduce? Is that the point? That's correct because And that'll be another act of persecution by the government that he's trying to avoid. Well, the Chu case in, in the circuit, which we cited on page 56 of our brief, says that the loss of, in our case is, that's a sterilization case, a Chinese sterilization case. Our position is that the loss of reproductive freedom is a permanent and continuing act of persecution. And he has an inherent, well-founded fear of future persecution. That's Chu at 202. And this is because he and his wife will be persecuted And that's because, that's because That's because of the Some 10 years, 20 years ago, his wife was sterilized. Let's say that's 1999, Your Honor. But as the Chu Okay. Counsel, counsel, Judge Fernandez is asking you a question. I'm sorry, Judge. Because that occurred some years ago. No matter what, he's being continually persecuted and therefore has to be in another country to avoid the persecution. Is that correct? Well, Your Honor, he doesn't want to, he doesn't want to return to a country that treats him that way. And he wants to bring his wife and his daughter, who's 23 years old, over to this country. And he said in his testimony he was concerned about his daughter. So I, I think that addresses that question. But I want to go back to the Chu case, if I just, if I may. In that case, the court said that the persecution is that he will, they will be, husband and wife will be persecuted for the remainder of their lives due to the forced abortion and sterilization to which they had been subjected. So we think that that's really the crux of the case. So I just want to confirm, though, in answer to, I guess it was Judge Brisson's question a few moments ago, the only basis for persecution, past persecution, is his loss of reproductive freedom? Well, Your Honor, that's, that's the major theory. No, that's not, I'm not talking about theory. I'm just, persecution, is that the basis for the persecution claim? Judge Pai is also psychological harm, which is related to the loss of reproductive freedom. Psychological harm relating to his loss of reproductive freedom is the basis for your claim for past persecution. Yes, it's part of the claim for past persecution. Also the Is there anything else that needs to be added to that? In the aftermath, in the aftermath, they had problems with their relationship. That's in the record. No, no, no. Past persecution by the government. Yes, and also the economic harm, the penalties that were imposed on his wife and the Substitute. Economic harm is certainly not enough by ordinary standards. We're, as cumulative evidence, Your Honor, under the Singh case, we're citing that as additional evidence, but the But what is your basic understanding of the case law at this point? After J.S. and Jiang, Is it your position that it remains sufficient to prove persecution at least, if not the, still needing other resistance, I guess? Judge Brewer. I'm sorry. If you interrupt, you're never going to get, I'm not going to get the question. I'm sorry, Judge. Okay. Is it your position that it is per se enough, because we know that it's not Whenever you have a wife who has sterilization or a forced abortion, you're going to be able to make the same claim you're making here. So you're making essentially a per se argument that that is always enough for a spouse to establish persecution. Always enough, sometimes enough, why? Judge Prezant, that is not our argument. Our argument is very, is completely consistent with the Attorney General's opinion in matter J.S., adopted by this Court in Jiang v. Holder. And the Attorney General was concerned about the fatal flaw in per se eligibility analysis. That is the lack of resistance or even support of such acts of persecution by the applicant. So we have that plus factor of resistance in this case. And that whole point goes to that his wife told the birth control officer that they wanted to have their second child and that this was related to the birth control officer on the day that she had the abortion. That's the primary argument for resistance. That was an expression All right. Anything else to that? Did you answer that Judge Prezant's question completely? I don't think I answered it at all, but that's okay. Go ahead. Well, I think the crux of the case Another resistance has to do with the nexus, but I want to know what the persecution is. The persecution is loss of reproductive freedom. The plus factor is resistance. That's the argument. All right. Thank you. May it please the Court. This is Dana Camilleri for the Attorney General. The government's position in this case is that Wang is arguing for a per se rule regarding sterilization. There is no other past persecution in this case. As noted by the Board and Judge Fernandez a few minutes ago, he was promoted to Deputy President of a government-run university. His supervisors covered up his wife's sterilization so that it didn't impact him. He purchased a second home and he remained safely in China for seven years following his wife's experience. As for the mental anguish factor, Wang didn't particularly testify to any mental anguish at both of his merits hearings when he was asked how he was impacted. He vaguely said that he was harmed mentally, and then later he stated that he was depressed because his wife was depressed and they were fighting at home, and that was put in the question. The Grand I.A. opinion says he is not alleged that he was personally harmed. Now, he has the question, I mean, by saying that his reproductive freedom was impaired, and it was, but so the question is whether that's just off the table because of, yes, but then he says or that his wife was purposely targeted in order to punish him. Well, suppose his wife was personally, purposely targeted in order to punish him. Would that make the forced abortion and sterilization itself sufficient to be persecution? In other words, suppose they said, you know, you're making such a fuss, we're going to go make your wife have a forced abortion. I suppose that's possible, but that's not the testimony here. Well, I understand, but I'm trying to get at the question of whether the forced abortion itself because of the impact on him can be persecution. There are other elements. There's the nexus and the other resistance, but here the B.I.A. cut the analysis off at the persecution stage, and I'm trying to understand whether the forced abortion of a spouse can never be persecution or can sometimes be persecution or what. Well, this Court in Jiang said it was a factor among many and that you had to consider the circumstances. Well, it's a kind of strangely worded opinion. It says it was proof, and then it says however. So I don't know whether proof means it's enough or proof means it's evidence of or what it means. There was an unpublished decision in the circuit June 20th that stated that Jiang, that sterilization or abortion would not be sufficient as a person. That's why I asked the question I asked because it appears that there may be circumstances in which it is sufficient. I can't speak to those hypotheticals. I can only speak to the record before us, and it's simply not there in this record in this case. He doesn't provide any details about what happened. He never personally encountered family planning officials. He says that he doesn't know the details of what happened to her. So we really don't know what she was threatened with. There are other circumstances in which attacks on family members can be persecution of an individual, aren't there? It's possible. Outside this problem. For economic persecution? No, for physical persecution. You know, trying to get at so-and-so so we go and rape his wife. Yes, that is possible. That's a possible fact pattern for past persecution. So is there any particular reason why this should be different? I'm just trying to tease out whether the forced abortion itself can sometimes be enough by itself. I believe the Attorney General's position in matter of JS is that it's not sufficient. And perhaps a lot of the case law, it's mostly been unpublished since June 20th. Ms. Jiang has suggested that as well, that there has to be something else going on to the husband or the boyfriend that happened to him specifically to raise it to the level of past persecution. Are there any other questions? You read JS as being about what constitutes the persecution instead of what constitutes the nexus. I believe it applies to both, yes, Your Honor. It could apply to nexus. Certainly to the other resistance argument, but the Board didn't reach that in this case because without past persecution, they don't need to reach the nexus argument. Thank you very much. Thank you, counsel. You have plenty of time. Matter submitted. In fact, you went over your time. We realize you're enthused about your case.
judges: Fernandez, Paez, Berzon